David A. OINES, Appellant,

v.

STATE of Alaska, Appellee.

No. A–3317/18.

Court of Appeals of Alaska.

Dec. 28, 1990.

---

Cynthia C. Drinkwater, Asst. Public Defender, Palmer, and John B. Salemi, Public Defender, Anchorage, for appellant.

Eugene B. Cyrus, Asst. Dist. Atty., Steven H. Morrissett, Dist. Atty., Palmer, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS, J., and ANDREWS, District Court Judge.*

## OPINION

COATS, Judge.

A jury convicted David A. Oines of driving while intoxicated (DWI), AS 28.35.-030(a). Oines appeals the denial of his motion to suppress the results of a blood test. We reverse.[1]

At approximately 11:25 p.m. on June 24, 1989, Alaska State Trooper Fred Herman arrested Oines for DWI and transported him to the station where a breath test was administered, resulting in a reading of .109. Because Oines wanted to have an independent test performed, he was transported to Valley Hospital where a blood sample was drawn and held in state custody. Oines, through his attorney, retained Dr. Rogers from Humana Hospital to analyze the blood sample. Dr. Rogers' analysis also resulted in a reading of .109.

Prior to trial, Oines' counsel moved to suppress the blood test results, alleging:

Mr. Oines, after having voluntarily consented to giving a breath sample, requested a blood test ... [W]e determined that it was in his interest for trial to get that blood tested to see what the results were going to be. I was not planning to use the blood. I just wanted to see what the blood was going to be before trial to see if it was going to help our case and to see if it was going to be in his interest.... [O]ur position is that we retained Humana Hospital, and Dr. Rogers, as the lab doctor, as an expert to prepare some potential evidence in this case. And once I got the potential evidence, I made a determination after talking to Mr. Oines that that result is not going to be helpful and therefore I would not use it. And I understand that ... the state intends to subpoena Dr. Rogers and to actually get the results of my test. I believe that that is impermissible under ... [the] attorney-client privilege ... and [the] discovery rules.

In making his arguments, Oines relied on *Russell v. Anchorage*, 706 P.2d 687 (Alaska App.1985). In *Russell*, a DWI arrestee completed the Intoximeter exam and subse-

---

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

1. The state cross-appeals, and in the alternative, petitions for review, arguing that the court should have instructed the jury that the state was only required to prove that Oines had a blood alcohol concentration of .10 or more at the time of the breath test rather than at the time of driving. We treat the state's cross-appeal as a petition for review. *See Kott v. State*, 678 P.2d 386, 390–91 (Alaska 1984). However, we deny the petition and consequently decline to consider the state's claim.

quently requested to have an independent test performed. The police transported him to Humana Hospital where medical personnel drew and tested his blood. At trial, Russell claimed the attorney-client privilege precluded testimony about the results of the analysis of his. blood. We rejected his claim because "[n]o lawyer participated in Russell's decision to have a blood test and the lawyer-client privilege has never been extended to preclude testimony by experts consulted by a client without the involvement of an attorney." *Id.* at 692.

District Court Judge Peter Ashman denied the motion to suppress. Analogizing the case to *Russell,* the court concluded that, because no attorney was consulted when the consent form was signed and the blood drawn, the attorney-client privilege did not apply. The court noted that the consent form signed by Oines specifically stated that the state would be entitled to obtain the results of the independent test and to use the evidence against him.

At trial, the state called defense expert Dr. Rogers to the stand to inform the jury of Oines' blood test result.

�merit On appeal, Oines again cites to *Russell* and contends, as he did below, that the blood test result was protected by the attorney-client privilege because Oines' attorney requested the testing of the blood. The state responds by pointing out that no attorney was involved at the time Oines made the decision to sign the consent form and have blood drawn. The state contends this factor makes this case analogous to *Russell,* which, according to the state, is dispositive of Oines' claim and compels an affirmance.

The state is mistaken. Although an attorney was not involved at the time Oines made the decision to sign the consent form,[2] an attorney was directly responsible for the decision to secure Dr. Rogers as a defense expert witness regarding blood test results. In our view, the attorney-client privilege was triggered when Oines' counsel, acting in his professional capacity as Oines' representative, initiated this contact with Dr. Rogers as a defense expert. *See Houston v. State,* 602 P.2d 784, 789–92 (Alaska 1979) (unless the defendant waives the attorney-client privilege, the state may not call a psychiatrist retained by defense counsel but not called by the defense at trial); *cf. Morrell v. State,* 575 P.2d 1200, 1211 n. 17 (Alaska 1978) (attorney-client privilege did not apply to preclude defendant's former attorney from testifying in regard to the defendant's kidnapping plan obtained from a third party who was not acting for the defendant). In reaching this decision, we note that the following language from *Houston* applies with equal force in the instant case:

> Disclosures made to the attorney [by a defense consulted expert] cannot be used to furnish proof in the government's case. Disclosures made to the attorney's expert should be equally unavailable, at least until he is placed on the witness stand. *The attorney must be free to make an informed judgment with respect to the best course for the defense without the inhibition of creating a potential government witness.... If the state were allowed to subpoena [defense consulted expert witnesses], the defense counsel's initial efforts to become fully informed as to the possibility or likelihood of ... valid ... defense[s] may be*

2. At the hearing on the motion to suppress, Oines apparently did not contend that he made his decision to have a blood sample drawn based on the advice of his attorney. He contended only that his attorney advised him to have his blood tested after the sample had been drawn. Consequently, Judge Ashman decided the motion based on the assumption that Oines agreed to have a blood sample drawn without consulting with counsel. Later at trial, a videotape of Oines' trooper station processing revealed that Oines had in fact consulted with his attorney prior to deciding whether to have a sample of his blood drawn. Upon learning of this evidence, Judge Ashman noted for the record that he "did not consider any of that information in reaching [his] decision" because the parties did not present that evidence at the hearing on the motion to suppress. In Judge Ashman's view, the parties "waived their opportunity to make that evidence available to the court." Like Judge Ashman, we have decided this case based on Oines' offer of proof, which is apparently uncontested and is set out on Page 885 of this opinion.

*inhibited because of the potential that an adverse opinion will be used by the state.*

*Id.* at 791–92 (emphasis added).

The conviction is REVERSED.[3]

3. In denying the motion to suppress, the trial court noted that the consent form signed by Oines specifically stated that the state would be entitled to use the results of the independent test against him. In our view, the state cannot require the defendant to agree to disclose the results of any test as a condition for allowing him to obtain an independent test. Such a waiver is invalid, and the trial court was mistaken in relying on the waiver in reaching its decision.

