**Christopher J. BIRCH, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–3904.**

Court of Appeals of Alaska.

Jan. 31, 1992.

---

Dick L. Madson, Fairbanks, for appellant.

Gayle L. Garrigues, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

## OPINION

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

BRYNER, Chief Judge.

Christopher J. Birch appeals from his conviction for driving while intoxicated (DWI), in violation of AS 28.35.030. Birch argues on appeal that the trial court erred in denying his motion to suppress the results of a blood alcohol test performed by the Alaska Crime Lab on a sample of his blood that was drawn after his arrest.

Following Birch's arrest for DWI, he was taken to the Fairbanks Police Station where he submitted to an Intoximeter test which showed his blood alcohol level to be .122. He was then informed of his right to have an independent test of his blood done. At his request, he was allowed to call and consult with his attorney. On the advice of his attorney, Birch decided to have an independent blood test done at his own expense. Alaska State Trooper Mark Ridling took Birch to Fairbanks Memorial Hospital to have his blood drawn for the independent test. However, when they got to the hospital, Birch was unable to have a blood test done because he did not have the $82 in cash which the hospital required as payment for the test. Ridling told Birch that he could have a blood sample drawn at state expense and Birch agreed to this. Trooper Ridling then took Birch to the Fairbanks Correctional Center, where two vials of Birch's blood were drawn and placed in the state evidence locker. The state subsequently obtained a search warrant for one of the two vials of blood. The sample was tested at the State Crime Lab and was found to have an alcohol content of .121.

Birch moved to suppress the results of the blood test done at the State Crime Lab, on the grounds that the seizure by the state of the vial of blood violated his attorney-client privilege. He based his argument on our recent opinion in *Oines v. State*, 803 P.2d 884 (Alaska App.1990). In *Oines*, we held that the results of a blood test performed by an expert hired by Oines' defense attorney were privileged. We reversed the trial court's ruling which allowed the state to call the defense-consulted expert to testify as to the results of the independent test. The state had argued in *Oines* that because no attorney was involved at the time Oines decided to sign the consent form to have blood drawn, the attorney-client privilege did not attach to the result of any test done on the blood. We rejected this argument, holding:

> Although an attorney was not involved at the time Oines made the decision to sign the consent form, an attorney was directly responsible for the decision to secure Dr. Rogers as a defense expert witness regarding blood test results. In our view, the attorney-client privilege was triggered when Oines' counsel, acting in his professional capacity as Oines' representative, initiated this contact with Dr. Rogers as a defense expert.

803 P.2d at 886 (footnote omitted).

District Court Judge Charles R. Pengilly denied Birch's motion to suppress. Judge Pengilly determined that the *Oines* decision did not address the situation found in this case, in which the state had the defendant's

blood tested by its own expert and thus obtained blood test results without relying on the work of anyone hired or consulted by the defense. Judge Pengilly held that the blood sample itself, although drawn on the advice of Birch's attorney, was not covered by the attorney-client privilege. The court held that as physical evidence, the blood sample was seizable by the state with a valid warrant.

Judge Pengilly was correct in concluding that *Oines* applies only where an expert has been consulted either by the defendant's attorney or by the defendant on the advice of an attorney.[1] The *Oines* decision is based on Alaska's lawyer-client evidentiary privilege, which is set forth in Alaska Evidence Rule 503. That rule provides in relevant part:

> A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client, (1) between himself or his representative and his lawyer or his lawyer's representative, or (2) between his lawyer and the lawyer's representative, or (3) by him or his lawyer to a lawyer representing another in a matter of common interest, or (4) between representatives of the client or between the client and a representative of the client, or (5) between lawyers representing the client.

A.R.E. 503(b). The situation in *Oines* involved confidential communications between Oines' lawyer and the lawyer's representative, the doctor he retained to analyze Oines' blood sample. Here, there was no such confidential communication. Neither Birch's attorney nor any representative of his attorney was called upon to produce blood test results or to testify regarding such results. Evidence Rule 503 was not violated by the state in this case.

In addition, the general rationale behind the *Oines* decision is not implicated here. This reasoning is set forth in the following excerpt from the Alaska Supreme Court's opinion in *Houston v. State,* which we quoted in *Oines:*

> Disclosures made to the attorney [by a defense-consulted expert] cannot be used to furnish proof of the government's case. Disclosures made to the attorney's expert should be equally unavailable, at least until he is placed on the witness stand. The attorney must be free to make an informed judgment with respect to the best course for the defense without the inhibition of creating a potential government witness.
>
> ....
>
> If the state were allowed to subpoena [defense-consulted expert witnesses], the defense counsel's initial effort to become fully informed as to the possibility or likelihood of ... valid ... defense[s] may be inhibited because of the potential that an adverse opinion will be used by the state.

*Houston v. State,* 602 P.2d 784, 791–92 (Alaska 1979) (quoting *United States v. Alvarez,* 519 F.2d 1036 (3rd Cir.1975)). Birch's attorney was in no way hindered from consulting experts or having an additional blood test done on behalf of the defense.[2] No communications between defense counsel and any of his representatives or between Birch and his counsel were compromised. The danger to the attorney-client privilege against which *Oines* is a safeguard is not present in this case.

The judgment of the district court is AFFIRMED.

---

**1.** *Cf. Russell v. Anchorage,* 706 P.2d 687, 692 (Alaska App.1985) (attorney-client privilege does not preclude testimony by experts consulted by a client without the involvement of an attorney).

**2.** The state apparently seized only one of the two vials of blood drawn after Birch's arrest, leaving the other vial available for additional testing by the defense.