LYONS, Justice
(concurring in the result).
I concur in the result. The main opinion would authorize the trial court to disclose records upon a showing of necessity. While work-product materials are subject to a qualified privilege, so that discovery is permitted upon a showing of substantial need and undue hardship, the attorney-client privilege is almost absolute, subject to certain narrow exceptions that have nothing to do with undue hardship and substantial need. Ex parte Great American Surplus Lines Ins. Co., 540 So.2d 1357 (Ala.1989). I am therefore unwilling to adopt a qualification of the psychotherapist-patient privilege, because § 34-26-2, Ala. Code 1975, requires that that privilege be placed on the same basis as the attorney-client privilege.
This does not necessarily mean that I would hold all information contained in Dr. Etherton’s treatment records to be exempt from discovery. Section 34-26-2 relates to *437 “confidential relations and communications between licensed psychologists, licensed psychiatrists, or licensed psychological technicians and their clients.” I would view data such as the results of a urine test administered shortly before the incident made the basis of this action as falling outside the bounds set by the statute. Compare Birch v. State, 825 P.2d 901 (Alaska App.1992), recognizing that the results of a blood test could be discovered, notwithstanding the assertion of the attorney-client privilege, where producing them would not compromise any communications between defense counsel and any of his representatives or between the client and his attorney.
HOUSTON, SEE, and BROWN, JJ., concur.